HOUPT v. BOHL.

Opinion delivered June 13, 1903.

1. JUDGMENT BY CONSENT—VALIDITY.—Where defendants each signed an instrument acknowledging their indebtedness to plaintiff, and authorizing a certain attorney to enter their appearance and consent to the rendition of a judgment against them, a judgment entered upon complaint filed, reciting that "the defendants each confess judgment herein by their written agreement duly filed herein," shows a judgment by consent, and is valid upon collateral attack. (Page 333.)

2. SAME—AUTHORITY OF ATTORNEY.—Plaintiff's attorney, by consent of defendants, may enter the appearance of the latter, and consent to judgment against them. (Page 333.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Affirmed.

On the 13th of October, 1896, J. C. Bohl, through his attorney, C. V. Teague, filed in the Garland circuit court his complaint against Reb Houpt and nine others, alleging that he loaned to the defendants two thousand dollars, and that they agreed in writing to confess judgment for said amount. On the same day said court rendered a judgment in favor of plaintiff against defendants on said complaint as follows:

J. C. Bohl, plaintiff, v. Reb Houpt, Joe Mazzia, C. S. Bell, John J. Sumpter, T. F. Teague, J. B. Varnadore, R. Murray, H. McCafferty, W. W. Waters, Wm. J. Little, defendants.

"Comes the plaintiff by C. V. Teague, Esq., his attorney, and moves the court for judgment herein, and the defendants each confess judgment herein by their written agreement duly filed herein and marked Exhibit A, which is in words as follows, to-wit:

"'EXHIBIT A.

"'Know all men by these presents, that we, the undersigned, being indebted to J. C. Bohl in the sum of two thousand dollars for borrowed money, do hereby agree to confess judgment at once in the circuit court of Garland county for said sum of money with a stay of execution for sixty days on one thousand dollars and ninety days on one thousand dollars, and we hereby appoint C. V. Teague, our attorney irrevocably, with full power to enter our appearance in said court and waive all service of summons and consent to the rendition of said judgment.

"'Witness our hands this 12th day of October, 1896. Reb Houpt, C. S. Bell, T. F. Teague, John B. Varnadore, John J. Sumpter, Joe Mazzia, H. McCafferty, R. Murray, W. W. Waters, Wm. J. Little.'"

"And, the court being well and sufficiently advised in the premises, it is therefore considered, ordered and adjudged by the court that the plaintiff recover of the defendants the sum of two thousand dollars. And it is further ordered that execution issue on one thousand dollars at the expiration of sixty days from this date, and on the sum of one thousand dollars at the expiration of ninety days from this date."

On May 20, 1899, plaintiff procured an execution to be issued on the above judgment, and placed same in the hands of the sheriff for collection. On June 6, 1899, defendants filed a petition to quash said execution on the ground that the judgment was erroneous and void because the defendants did not appear in court in person and confess judgment, and because no summons was issued and served on them in the case. To this petition to quash the execution appellee demurred in short on the record, which demurrer was sustained because the petition did not show or allege a meritorious defense to the action.

On August 12, 1899, appellants filed an amendment to said petition, alleging that it was agreed between Bohl and themselves that Ed Hogaboom, W. W. Wright, John D. Ware, William Sumpter, Jake Houpt and A. C. Houpt should sign said obligation jointly with them before it was to be an executed and binding con-

tract, and with this understanding they signed said obligation and delivered it to C. V. Teague, as attorney for Bohl, with the distinct understanding that it was not to be delivered to Bohl until Hogaboom, Wright, Ware, Sumpter and the two Houpts also signed the same. And that in violation of said agreement said obligation was turned over to Bohl without the signatures of these persons.

On November 11, 1899, appellee filed his answer to said petition denying the allegation of said petition.

Subsequently the issues raised by the petition and response came on for trial. Whereupon appellants demanded a jury to try said issues, which demand the court refused.

The court, upon hearing the evidence and the case, rendered judgment dismissing the petition, and defendants below appealed.

*Wood & Henderson,* for appellants.

Power in a court to render judgment by confession before action is brought is derived alone from statutory law. Sand. & H. Dig. § 5872; 11 Enc. Pl. & Pr. 975; 17 Am. & Eng. Enc. Law (2d ed.) 765; 1 Black, Judg. §§ 51-2; Sand. & H. Dig. § 5761. A judgment rendered without jurisdiction is a nullity. 3 Ark. 532; 5 Ark. 424; 48 Ark. 151; 55 Ark. 30; 18 Wall. 373; 19 Atl. 899; 30 Conn. 198. A presumption that the judgment of a court of general jurisdiction was within the court's jurisdiction will not arise when the face of the record shows that the court did not have jurisdiction. 44 Ark. 426, 270; 47 Ark. 419; 61 Ark. 474; 55 Ark. 216; 54 Ark. 643; 59 Ark. 487; 62 Ark. 439. The judgment was void. 52 Ark. 373; 35 Ohio St. 107.

*E. W. Rector,* for appellee.

The judgment was not void. 11 Ark. 519; 11 Ark. 705; 12 Ark. 218; 28 Ark. 171; 34 Ark. 642. Equity will not interfere to set aside a judgment without service unless a meritorious defense is shown. 50 Ark. 458; 52 Ark. 80; 54 Ark. 539; 56 Ark. 544; 13 Ark. 253; 49 Ark. 397. The application to quash came too late. 1 Ark. 497; 10 Ark. 241; 27 Ark. 202; 39 Ark. 485; 14 Ark. 203; 25 Ark. 212; 46 Ark. 552. Questions of fact on the motion to quash should be tried by the court. 52 Ark. 445.

The judgment affirmatively shows jurisdiction against collateral attack. Black, Judg. §§ 271, 283. An execution on it cannot be quashed on the ground of error or informality in the judgment. Black, Judg. § 253. The jurisdictional facts will be presumed.

61 Ark. 474; 44 Ark. 426.    The judgment was a valid common
law judgment.   Sand. & H. Dig. § 5872 ; 34 Ark. 642 ; Black, Judg.
§§ 50, 54, 67, 68, 77.   A judgment can be attacked directly only
for fraud.   50 Ark. 458.

Wood, J.   The judgment on which the execution sought to be
quashed was issued is not a judgment by confession under the stat-
ute (section 5872 Sand. & H. Dig.), but rather a judgment by con-
sent, after the filing of a complaint and the entry of appearance by
the parties defendant.

Taking the whole record together, we are of the opinion that
this is the proper construction.   There was a complaint filed which
stated a cause of action against the defendants, who were all
named.   These defendants all signed a power of attorney authoriz-
ing C. V. Teague, Esq., to waive all service of summons and enter
their appearance and consent to the rendition of judgment.   The
record of the judgment recites that "the defendants each confess
judgment herein by their written agreement duly filed herein."
This recital does not preclude the idea that the defendants ap-
peared in person, and filed their written agreement, and confessed
in person the judgment in accordance therewith.   But, if it was
filed by C. V. Teague, who confessed or consented to the judgment
for them, such action on his part was expressly authorized by the
written agreement or power of attorney, and, being in response to
a regular complaint against the defendants, we think was tanta-
mount to an entry of appearance for the defendants and a con-
senting to judgment for them.   This they could do by their attor-
ney as well as in person in a proceeding instituted by the filing of
complaint.

True, Teague was the attorney for the plaintiff, and generally
the attorney for the plaintiff could not consent to judgment for the
defendants, and thus act as attorney for both parties.   But where
this is done by the consent of the defendants, who are cognizant of
all the facts, and there is no fraud or collusion charged, we can
see no objection to it.   Here the consent was in writing, and there
is no claim of any fraud, or that the defendants were not fully
cognizant of the fact that Teague was authorized also to represent
the plaintiff.

In *Wassell* v. *Reardon,* 11 Ark. 705, it is held that: "As a gen-
eral rule, agents cannot act so as to bind their principals where
they have, or represent, interests adverse to the principals, but this
rule does not prohibit an attorney at law, into whose hand a debt

has been placed for collection, from acting as the attorney in fact of the debtor to confess judgment upon the debt, the debtor being advised of the extent of the attorney's agency for the creditor, and executing the power to avoid costs of suit." This was under the statute authorizing an attorney to confess judgment. But the case is authority that the attorney for the creditor by his consent may act as attorney for the debtor also, and the principle announced is applicable here.

The judgment of the circuit court in sustaining the demurrer to the petition and in dismissing same is correct, and same is affirmed.

BATTLE, J., dissenting.